UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JEFFREY T. MEISTER, DDS, LLC, etc., et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | 2:21CV230-PPS/JPK |
| ) | |
| HEATHER MILLER, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Jeffrey Meister, DDS is a dentist with a dental practice in Munster, Indiana. Dr. Meister's assorted dental entities bring this action against Heather Miller, DDS, a dentist formerly associated with the plaintiffs' practice.[1] Now before me is Miller's motion to dismiss Meister's amended complaint or, in the alternative, for a more definite statement. The motion is readily denied.

The amended complaint alleges that in May of 2017, Miller and Meister entered into an Employment Agreement, and that Miller began practicing dentistry for Meister at the Munster location in July, 2017. [DE 16 at ¶¶9, 10.] Miller took a maternity leave starting March 4, 2021, during which Meister continued to pay Miller. [*Id*. at ¶11.] Although Miller expressed an intention to return to work with Meister after her maternity leave, Meister alleges that Miller instead began working for and ultimately

---

[1] Whether Jeffrey T. Meister, DDS, LLC is a single plaintiff followed by a string of "d/b/a's," or has only a single "d/b/a" and six separate co-plaintiffs is unclear from the complaint. *See* DE 16, comparing, *e.g.,* the caption, the introductory paragraph, ¶¶2, 4, 5, 9, 10, 11, and 13. For ease of reference, I will refer to plaintiff or plaintiffs simply as "Meister."

bought another dental practice in Illinois, even while she continued to collect a paycheck from Meister. [*Id*. at ¶¶12, 13, 14.] Miller eventually tendered her written resignation to Meister on June 2, 2021. [*Id*. at 16.]

### Argument for Dismissal:  Liquidated Damages Provision is Unenforceable

Meister alleges that Miller's conduct violated the notice requirement of the Employment Agreement: "Beginning in Year 2 of this Agreement and thereafter, Employee shall provide a one hundred twenty (120) day written or oral Notice of Termination."  [DE 16-1 at 9, ¶5.1.]  Meister invokes a liquidated damages provision:

> Owing to the cost to the Practice in lost revenues from scheduled patients and the cost in sourcing, hiring and training a replacement dentist, the Parties agree that in the event Employee resigns and fails to live up to their contractual notice obligations and leaves the Practice prior to the end of their notice period, Employee shall pay a fee of $1,000.00 per day for each day Employee fails to work at Practice per the terms of their notice obligations.

[*Id*. at 18.]  Miller's argument in support of dismissal of the amended complaint is that the liquidated damages provision of the Employment Agreement is unenforceable because it amounts to a penalty, citing principally to *American Consulting, Inc. v. Hannum Wagle & Cline Engineering, Inc.*, 136 N.E.3d 208 (Ind. 2019).  [DE 19 at 3-4.]

Whether or not this is so, the unavailability of liquidated damages as a remedy would not be grounds for dismissal of the complaint.  As Miller herself acknowledges, the standard applicable to a motion under Fed.R.Civ.P. 12(b)(6) requires "a claim to relief that is plausible on its face," which in turn requires factual allegations sufficient to permit a reasonable inference that the defendant is liable for the misconduct alleged.

2

*Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 556 (2007).  This standard does not necessitate analysis at the pleading stage of the remedies a plaintiff seeks.

In any event, in support of Meister's prayer for liquidated damages, the amended complaint specifically alleges that:

> Plaintiff has incurred substantial costs and expenses due to Dr. Miller's failure to provide the notice required by her Employment Agreement, which costs and expenses are in excess of the $1,000 per day liquidated damages provided for in the Employment Agreement and which include, but are not limited to, lost revenues, costs for sourcing, hiring and training a replacement dentist, and loss of good will.

[DE 16 at 5, ¶21.]  If Miller believes that in the circumstances of this case the liquidated damages authorized by the Employment Agreement are an unconscionable penalty, she may make the challenge in the summary judgment context as was done in *American Consulting*.  The analysis there demonstrates the necessity of a factual background establishing "the facts regarding the contents and financial consequences of the liquidated damages clauses" against which the court can determine the question of law whether the provisions are unenforceable penalties.  *American Consulting*, 136 N.E.3d at 211.  Meister's motion to dismiss under Rule 12(b)(6) will be denied.

### Argument for More Definite Statement

Miller's request for a more definite statement is equally unavailing.  Under Rule 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive party cannot reasonably prepare a response."  Miller argues that "Plaintiffs have failed [to] delineate claims and, instead, are forcing Dr. Miller to guess as to what

3

claims are even being alleged against her." To the contrary, I agree with Meister that "the Amended Complaint provides...more than fair notice of what the claim is, and the ground upon which it is based..The Amended Complaint states a claim that is plausible on its face, because it pleads factual content that permits the reasonable inference that Dr. Miller breached her employment contract with Plaintiff." [DE 20 at 4.]

As Meister patiently reviews in its opposition, the amended complaint expressly cites four separate provisions of the employment agreement (¶¶5.1, 3.13, 3.20, 5.4) and sets out its allegation that (and how) Miller has breached each of them. [DE 16 at ¶¶18-20, ¶¶25-27, ¶¶28-29, and ¶¶30-31.] In conclusion, the Amended Complaint requests judgment "as a result of Defendant's breach of her employment agreement." [DE 16 at 7-8.] To the inexplicable extent Miller might have been uncertain about the nature of Meister's claims, the response to her motion for more definite statement provides ample clarification. The motion will be denied.

ACCORDINGLY:

Defendant Heather Miller's Motion to Dismiss Plaintiffs' Amended Complaint or, In the Alternative, Motion for a More Definite Statement [DE 18] is DENIED.

**SO ORDERED**.

ENTERED: January 7, 2022.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT